IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAREQ ZIAD FOUAD ZAKARNEH,

               Plaintiff,

      v.

UNITED STATES CITIZENSHIP
IMMIGRATION SERVICES;
IMMIGRATION CUSTOMS
ENFORCEMENT; JOHN DOE,

               Defendants.

Case No. 3:25-cv-00448-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Tareq Ziad Fouad Zakarneh ("Zakarneh"), a self-represented plaintiff, filed this Freedom of Information Act ("FOIA") action on March 17, 2025 against Defendants United States Citizenship and Immigration Services ("USCIS") and United States Immigration and Customs Enforcement ("ICE") (together, "Defendants"). (*See* Compl, ECF No. 1.) Now before the Court is Defendants' motion to dismiss and for summary judgment (ECF No. 13). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons discussed below, the Court grants Defendants' motion.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

At the timing of filing, Zakarneh was a legal permanent resident residing in Portland, Oregon.[1] (Compl. ¶¶ 3, 5.) On August 28, 2019, Zakarneh submitted a FOIA request to USCIS via counsel seeking the audio and video recordings of Zakarneh's September 2016 and March 2018 I-751 interviews (the "2019 FOIA Request"). (Decl. Jarrod Panter ("Panter Decl.") ¶ 7, Ex. A, ECF No. 14; *see also* Compl. ¶ 9.) On February 24, 2020, USCIS closed the 2019 FOIA Request for lack of verification. (Panter Decl. ¶ 9, Ex. C.)

On February 25, 2020, Zakarneh's counsel submitted a second FOIA request to USCIS seeking the same information (the "2020 FOIA Request"). (*Id.* ¶ 10, Ex. D.) By letter dated October 26, 2020, USCIS responded to the 2020 FOIA Request and sent a transcript of Zakarneh's September 9, 2016 interview and an audio recording of Zakarneh's March 19, 2018 interview. (*Id.* ¶¶ 10-11, Ex. E.) Plaintiff did not file an administrative appeal of USCIS's response to the 2020 FOIA Request. (*Id.* ¶ 10.)

On September 3, 2021, Zakarneh's counsel filed a third FOIA request seeking Zakarneh's "Record of Removal from the US" and "the audio of all immigration court hearings as well as

---

[1] Zakarneh "is a native and citizen of the West Bank, Palestine, and he entered the United States on a student visa in March 2013 to study at Portland State University." *Zakarneh v. U.S. Immigr. & Customs Enf't,* No. 2:25-cv-00707-DGE, 2026 WL 73825, at *1 (W.D. Wash. Jan. 9, 2026).* "He was briefly married to a U.S. citizen, which provided him with Conditional Permanent Resident status, but this status was revoked when his wife failed to appear for an interview for their joint Form I-751 Petition to Remove the Conditions on Residence." *Id.* Thereafter, an immigration judge ordered Zakarneh to voluntarily depart the country or be removed. *Id.* Zakarneh appealed the ruling to the Board of Immigration Appeals, which dismissed the appeal. *Id.* The Ninth Circuit denied Zakarneh's petition for review. *See Zakarneh v. Bondi*, No. 22-1604, 2025 WL 618370, at *1 (9th Cir. Feb. 26, 2025). Zakarneh filed a motion to stay his removal with the Ninth Circuit, but the Ninth Circuit dismissed the appeal, making Zakarneh's order of removal final. *See Zakarneh,* 2026 WL 73825, at *1; *see also United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) ("[Courts] may take notice of proceedings in other courts, . . . if those proceedings have a direct relation to matters at issue.") (simplified).

the immigration trial before" the immigration judge (the "2021 FOIA Request"). (*Id.* ¶ 12.)

USCIS responded on October 21, 2021, and released 1,955 pages in their entirety. (*Id.*; *see also*

*id.* Ex. F.) In its letter, USCIS represented that it was withholding 205 pages in full and 294

pages in part, and that Zakarneh could file an administrative appeal within ninety days of the

date of the letter. (*Id.*; *see also* Compl. ¶ 19.) Zakarneh's counsel downloaded the records on

October 25, 2021 and again on September 12, 2022. (Panter Decl. ¶ 12.) USCIS also sent

responsive records by letter dated December 29, 2021. (*Id.*; *see also id.* Ex. G.) Zakarneh did not

file an administrative appeal of USCIS's response to his 2021 FOIA Request. (*See id.* ¶ 12.)

On December 20, 2022, Zakarneh's counsel filed a fourth FOIA request ("2022 FOIA

Request"), again seeking audio and video of his two I-751 interviews with USCIS. (*Id.* ¶ 13.) By

letter dated December 29, 2022, USCIS responded that it did not locate any records responsive to

the request. (*Id.*; *see also id.* Ex. H.) On March 7, 2023, Zakarneh's counsel submitted an

administrative appeal of USCIS's response to the 2022 FOIA Request. (*Id.* ¶ 15; *see also* Second

Decl. Jarrod Panter ¶ 2, Att. 1.) USCIS responded on March 21, 2023, reporting that it was

remanding Zakarneh's request to the National Records Center for a further search. (Panter Decl.

¶ 15.) After a further search, USCIS located records responsive to a portion of the 2022 FOIA

Request, specifically, the same audio recording of the March 2018 I-751 interview that USCIS

had previously released to Zakarneh's counsel. (*Id.* ¶¶ 15-16.)

On November 18, 2022, Zakarneh filed his first FOIA lawsuit against USCIS, ICE, and

others based on USCIS's alleged refusal to release video and audio recordings of his immigration

interviews. *See Zakarneh v. U.S. Citizenship & Immigr. Servs.*, No. 3:22-cv-1812-SI (D. Or.).

While that case was pending, USCIS sent Zakarneh another copy of the non-exempt documents

it had already produced. (Panter Decl. ¶ 17, Ex. L.) Those materials included, *inter alia*, a

PAGE 3 – OPINION AND ORDER

transcription and audio recording of Zakarneh's March 2018 interview and a transcription of his September 2016 interview. (*Id.*) USCIS delivered the package to Zakarneh on March 16, 2023, and he signed for the package. (*Id.*)

On November 9, 2023, Plaintiff filed a motion to hold the case in "abeyance," which the Court denied on November 10, 2023, and ordered Zakarneh to show cause why the Court should not dismiss the case. (*Zakarneh v. U.S. Citizenship & Immigr. Servs.*, No. 3:22-cv-1812-SI, Order, ECF No. 34.) Zakarneh did not attempt to show cause, and the Court dismissed the case without prejudice on March 11, 2024. (*Id.*, Order and Judgment, ECF Nos. 35-36.) On March 17, 2025, Zakarneh filed this new FOIA action seeking the same records.

## LEGAL STANDARDS

### I.  SUBJECT MATTER JURISDICTION

"Article III of the federal constitution 'restricts federal courts to the resolution of cases and controversies.'" *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008)). To establish constitutional standing:

- First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.

- Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.

- Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (simplified). The plaintiff bears the burden of establishing these elements and must set forth specific facts to satisfy each element. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

///

PAGE 4 – OPINION AND ORDER

"A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 1064 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). If a case is moot, a federal court lacks jurisdiction over the matter. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)). "The question of mootness 'focuses upon whether we can still grant relief between the parties.'" *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999-1000 (9th Cir. 2004) (quoting *In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001)). A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). "Even where one issue in a case has been rendered moot, others may remain." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 631 (9th Cir. 2016) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981)).

Typically, "when 'deciding standing at the pleading stage, and for purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Mecinas v. Hobbs*, 30 F.4th 890, 896-97 (9th Cir. 2022) (quoting *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1178 (9th Cir. 2000)). An exception to this "general rule" is "where the defendant brings a motion under Rule 12(b)(1) challenging subject matter jurisdiction as a factual—rather than facial—matter." *Id.* at 896 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

If the defendant asserts a factual attack "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Ordinarily, "[a]t

PAGE 5 – OPINION AND ORDER

that point, the court may resolve any factual disputes concerning the existence of jurisdiction." *Id.* (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). If, however, "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Id.* (quoting *Augustine*, 704 F.2d at 1077).

## II.     FREEDOM OF INFORMATION ACT

FOIA "was enacted to facilitate public access to Government documents." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)). FOIA provides public access to official information "'shielded unnecessarily' from public view and establishes a 'judicially enforceable public right to secure such information from possibly unwilling official hands.'" *Id.* at 973 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). To prevent disclosure of a limited class of sensitive government documents, FOIA contains nine statutory exemptions. *See* 5 U.S.C. § 552(b)(1)-(9). "Because FOIA is meant to promote disclosure, its exemptions are interpreted narrowly." *Sierra Club, Inc. v. U.S. Fish & Wildlife Serv.*, 925 F.3d 1000, 1011 (9th Cir. 2019).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "Unlike the typical summary judgment analysis, in a FOIA case, we do not ask whether there is a genuine issue of material fact, because the facts are rarely in dispute." *Minier v. Cent. Intel. Agency*, 88 F.3d 796, 800 (9th Cir. 1996). Instead, the courts conduct a two-step inquiry. "First, the court must determine whether the agency has met its burden of proving that it fully discharged its obligations under FOIA." *KXTV, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 2:19-cv-00415-JAM-CKD, 2020 WL 1082779, at *4 (E.D. Cal. Mar. 6, 2020) (citing *Zemansky*

PAGE 6 – OPINION AND ORDER

*v. U.S. Env't Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985)). An agency can establish this by demonstrating "that it conducted a search reasonably calculated to uncover all relevant documents." *Id.* If the agency meets its initial burden, the second step of the inquiry "examines whether the agency has proven that the withheld information falls within one of the nine FOIA exemptions." *Id.* (citing *Ray,* 502 U.S. at 173). Thus, to prevail on summary judgment, an agency must show that it has adequately searched for documents and that any withheld material falls within an exemption.

**DISCUSSION**

## I.    MOOTNESS

Defendants move to dismiss as moot Zakarneh's claim that USCIS did not timely respond to his FOIA requests. (Defs.' Mot. Dismiss & Mot. Summ. J. ("Defs.' Mot.") at 9-10, ECF No. 13; Defs.' Reply Supp. Mot. Dismiss & Mot. Summ. J. ("Defs.' Reply") at 2-3, ECF No. 35.)

Defendants argue that Zakarneh's timeliness claim is moot because USCIS conducted a reasonable search and released all non-exempt records to Zakarneh's counsel. (Panter Decl. ¶¶ 11-12, 18-21; *see also* Compl. ¶¶ 22-24.) USCIS also provided the records directly to Zakarneh in March 2023. (*Id.* ¶ 17.) Although Zakarneh appears to dispute whether USCIS conducted a reasonable search or properly applied FOIA exemptions (both addressed below), he does not present any evidence to dispute USCIS's evidence that it has already responded and produced non-exempt records. (*See generally* Pl.'s Resp. Mot. Dismiss & Mot. Summ. J., ECF No. 33.)

The Court agrees that Zakarneh's claim that USCIS did not timely respond to his FOIA requests is moot and therefore the Court lacks subject matter jurisdiction over his claim. *See Andrus v. U.S. Dep't of Energy*, 200 F. Supp. 3d 1093, 1102-03 (D. Idaho 2016) (granting the defendant's motion for summary judgment on the plaintiff's FOIA timeliness claim where the

PAGE 7 – OPINION AND ORDER

defendant had produced all responsive documents), *abrogated on other grounds by Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024 (9th Cir. 2024). Accordingly, the Court dismisses Zakarneh's timeliness claim as moot.

## II.    FOIA SEARCH

Although Zakarneh does not expressly challenge whether USCIS conducted a reasonable search to find the audio and video recordings of his I-751 interviews, he continues to allege that USCIS did not produce all of the requested records. (Compl. ¶¶ 20-27.) In their motion, Defendants argue that USCIS conducted searches reasonably calculated to find all relevant documents. (Defs.' Mot. at 9-10.)

"FOIA requires an agency responding to a request to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015) (simplified). To demonstrate "the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky*, 767 F.2d at 571. "In evaluating the sufficiency of an agency's search, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Lahr*, 569 F.3d at 987. "The adequacy of the agency's search is judged by a standard of reasonableness, construing the facts in the light most favorable to the requestor." *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995). "[T]he failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate." *Hamdan*, 797 F.3d at 771. "Agency affidavits that are sufficiently detailed are presumed to be made in good faith and may be taken at face value." *Id.* at 779. Thus, where an agency's declarations "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district

PAGE 8 – OPINION AND ORDER

court need look no further." *Lewis v. Internal Revenue Serv.*, 823 F.2d 375, 378 (9th Cir. 1987) (simplified).

USCIS submitted a declaration detailing its search for records in response to Zakarneh's valid FOIA requests. (Panter Decl. ¶¶ 18-21.) In summary, USCIS determined that any responsive records would be located in Zakarneh's A-File, which is the official record "where all immigration transactions involving a particular individual are documented and stored as the individual passes through the immigration and inspection process." (*Id.* ¶ 18.) USCIS located, reviewed, scanned, and downloaded Zakarneh's physical A-File. (*Id.* ¶ 19.) USCIS also located the audio of the 2018 interview in Zakarneh's A-File, and copied it for release. (*Id.* ¶ 20.) USCIS did not locate any audio or video recordings of the 2016 interview, but did find a transcript of the interview in the A-File, which it released. (*Id.*) USCIS conducted another review after Zakarneh filed his first FOIA case but did not locate any additional audio or video files. (*Id.*) USCIS also contacted its Portland office where it conducted the interviews, and the Portland office personnel confirmed that when an interview is recorded, the recording is transferred to a disk and stored in the subject's A-file, and the office does not retain copies of the recording on any local system. (*Id.*)

The only evidence Zakarneh cites to contest the reasonableness of the search is that USCIS stated on the record during the 2016 and 2018 interviews that it was recording the interviews. Zakarneh assumes that the recordings must still exist.[2] However, Zakarneh does not

---

[2] Although the Court does not rely on USCIS's records retention policy to evaluate the adequacy of its search, the Court directs Zakarneh to USCIS's policy in effect until 2020 to assist Zakarneh in understanding why the recordings may no longer exist. *See* USCIS Adjudicator's Field Manuel, Video and Audio Taping, Ch. 11.2 ("Tapes (video or audio) used for routine interviews (e.g. marriage fraud, adjustment of status, or naturalization) may be erased for reuse within ten days unless: the application or petition is likely to be denied and the information contained on the tape is considered as evidence; an incident during the interview was recorded

counter Defendants' evidence that USCIS conducted a reasonable search and could locate only the audio recording of the March 2018 interview and no recordings of the 2016 interview. (*See* Panter Decl. ¶¶ 18-21.)

The Court evaluated Zakarneh's arguments challenging the adequacy of USCIS's search in his earlier FOIA case. During the pendency of that case, Zakarneh filed two motions to compel and the Court denied both motions. *See Zakarneh v. U.S. Citizenship & Immigr. Servs., No. 3:22-cv-1812-SI, 2023 WL 7015441, at \*2 (D. Or. Oct. 25, 2023).* In his motions, Zakarneh sought an "order compelling USCIS to produce material that was 'presented by the USCIS through ICE.'" *Id.* at \*6. In ruling on Zakarneh's motions to compel, the Court reviewed a letter USCIS sent to Zakarneh on March 15, 2023, in which USCIS stated that it had conducted a physical and electronic search for any audio/video recording of the September 2016 interview, but did not locate any recordings, and did not locate a video recording of the March 2018 interview. *See id.* at \*3. The Court "accept[ed] the government's representations that no other video or audio recordings were located despite the statement in the transcript of the September proceedings that the interview was being recorded" and found that Zakarneh provided "no evidence from which the Court plausibly can infer that the government has not conducted a diligent search for video and audio recordings in response to Plaintiff's FOIA request." *Id.* at \*6. Similarly here, the Court accepts USCIS's representations that it was able to locate the audio recording of the 2018 interview, but no recordings of the 2016 interview because there is no information before the Court to cause it to question the reasonableness of the search.

---

on the tape and the tape may be used either for training, or to support or refute allegations of misconduct by a USCIS employee. Such tapes should be retained for a period of three years, and may be extended in yearly increments in the event of ongoing litigation."), *available at* https://www.uscis.gov/policy-manual/volume-1-part-e [https://perma.cc/8R6N-TWAN] (last visited March 11, 2026).

For these reasons, the Court finds that Zakarneh has failed to raise a genuine dispute of material fact regarding the adequacy of USCIS's search for responsive records and grants Defendants' motion for summary judgment.[3] *See Zaldivar v. S. Ariz. Veterans Affs. Health Care Sys.*, 695 F. App'x 328, 329 (9th Cir. 2017) ("The district court properly granted summary judgment on [the plaintiff]'s claims related to his November 22, 2011 FOIA . . . requests because [the plaintiff] failed to raise a genuine dispute of material fact as to whether appellees had not conducted a reasonable search for responsive documents.") (citations omitted); *Voice of San Diego v. Naval Crim. Investigative Serv.*, No. 22-cv-834 TWR (DEB), 2023 WL 8704727, at *7 (S.D. Cal. Dec. 15, 2023) (granting the defendant's motion for summary judgment on the plaintiff's FOIA claim challenging the adequacy of the search where "Defendants provide[d] a declaration . . . detail[ing] Defendant['s] search for responsive records and establishes it as sufficiently thorough") (citation omitted).

## III.    FOIA EXEMPTIONS

USCIS also moves for summary judgment on Zakarneh's claim challenging USCIS's withholding of records pursuant to FOIA exemptions on the ground that Zakarneh did not exhaust his administrative remedies before filing this action.[4] (Defs.' Mot. at 10-11; Defs.' Reply

---

[3] Zakarneh names ICE as a defendant but acknowledges that he never actually filed a FOIA request with ICE. (*See* Pl.'s Resp. at 16, explaining that he sought guidance at an ICE office about how to file a FOIA request but the local office "refused [to] collaborate" with him; *see also* Decl. Meronica D. Stoney ¶ 5, ECF No. 15, attesting that ICE's Deputy FOIA Director conducted a search of its FOIA intake platform and did not locate any FOIA requests from Zakarneh or his counsel). Accordingly, the Court enters summary judgment on Zakarneh's FOIA claim against ICE. *See Sanchez Mora v. U.S. Customs & Border Prot.*, No. 3:24-cv-02430-TLT, 2024 WL 5378335, at *9 (N.D. Cal. Nov. 4, 2024) ("[A] FOIA lawsuit cannot proceed where the plaintiff does not submit a FOIA request to an agency in compliance with published regulations.").

[4] In his complaint, Zakarneh does not challenge any specific FOIA exemptions, but he does ask the Court to review *in camera* any materials withheld as exempt "to ensure that there is no lawful way of viewing said records as 'non-exempt.'" (Compl. at 7.)

at 3-4.) Specifically, USCIS submitted evidence that it invoked FOIA's exemptions only in response to Zakarneh's 2021 FOIA Request, Zakarneh never appealed USCIS's response to his 2021 FOIA Request, and therefore Zakarneh failed to exhaust his administrative remedies before filing his FOIA claim. (*Id.*)

The Ninth Circuit recently explained that "[w]e generally require FOIA requesters to exhaust their administrative remedies before filing suit" and "[t]his includes filing administrative appeals within the subject agency." *Corbett*, 116 F.4th at 1028 (first citing *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021); and then citing 5 U.S.C. § 552(a)(6)(A)(ii))); *see also Aguirre*, 11 F.4th at 726 ("We now join our sister circuits, holding that a requestor must exhaust his administrative remedies under FOIA so long as an agency properly responds before suit is filed."); *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review.").

"Exhaustion is generally required as a matter of preventing premature interference with agency processes." *Corbett*, 116 F.4th at 1029 (*quoting Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). "More specifically, requiring administrative exhaustion allows an agency to 'function efficiently[,] . . . [to] have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Corbett*, 116 F.4th at 1029 (*first quoting Weinberger*, 422 U.S. at 765; and then citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990)); *see also Oglesby*, 920 F.2d at 64 ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.").

PAGE 12 – OPINION AND ORDER

In response to Zakarneh's 2021 FOIA request for records relating to his removal and audio files from all of his immigration proceedings, USCIS responded, released 1,955 pages, and explained that it was withholding documents pursuant to certain FOIA exemptions. In the letter, USCIS informed Zakarneh of his right to file an administrative appeal within ninety days, but Zakarneh did not file an appeal. Zakarneh now argues that he exhausted his remedies by filing an administrative appeal of his 2022 FOIA Request in 2023 (Pl.'s Resp. at 3, 12-16), but he appealed only USCIS's response to a subsequent request, which did not invoke any FOIA exemptions, and the appeal was untimely with respect to the 2021 FOIA Request. As a result, Zakarneh failed to exhaust his administrative remedies with respect to challenging USCIS's FOIA exemptions. *See Pusa v. Fed. Bureau of Investigation*, No. CV1304658BROPLAX, 2015 WL 10939979, at *3 (C.D. Cal. Apr. 21, 2015) ("[B]ecause Plaintiff has failed to comply with agency procedures requiring him to exhaust his administrative remedies, the Court finds that it lacks jurisdiction over Plaintiff's FOIA action . . . and therefore GRANTS Defendants' motion for summary judgment."); *Said v. Gonzales*, No. C06-986MJP, 2007 WL 2789344, at *7 (W.D. Wash. Sept. 24, 2007) ("Plaintiffs failed to exhaust their administrative remedies before filing their FOIA claims in this Court[.] Therefore, the Court . . . GRANTS Defendants' motion to dismiss Plaintiffs' FOIA claims."); *Johnson v. Comm'r*, 239 F. Supp. 2d 1125, 1136 (W.D. Wash. 2002) ("Plaintiff was required to file an appeal of the [Internal Revenue Service] determinations regarding these requests before filing a FOIA[] action in federal court. Plaintiff has not shown that she filed such appeals. These claims should be dismissed.").

Zakarneh suggests in his response that he constructively exhausted his administrative remedies. (Pl.'s Resp. at 12-16.) "[I]f an agency misses its statutory deadline to respond to a FOIA request, the statute deems the exhaustion requirement constructively satisfied, and the

requester may pursue relief directly in federal court." *Corbett*, 116 F.4th at 1029 (citing 5 U.S.C. § 552(a)(6)(C)(i)). Ninth Circuit "precedent also requires that if an agency responds after the twenty-day statutory deadline and before the requester files a complaint in federal court, the requester 'in essence waives his right to immediately sue.'" *Corbett*, 116 F.4th at 1029 (quoting *Aguirre*, 11 F.4th at 725). "In that circumstance, the requester must administratively exhaust." *Corbett*, 116 F.4th at 1029 (citations omitted).

Here, even if USCIS's response to Zakarneh's 2021 FOIA Request was late, it responded before Zakarneh filed this lawsuit and therefore Zakarneh was required first to exhaust administrative remedies.[5] *See id.*; *see also Bender v. U.S. Dep't of Transp.*, No. 23-cv-0023-AGS-AHG, 2025 WL 2099194, at *1 (S.D. Cal. July 25, 2025) ("But exhaustion is still required when, as here, an agency responds late but before the requestor sues." (simplified) (quoting *Aguirre*, 11 F.4th at 725-26)), *reconsideration denied*, 2025 WL 2403506 (S.D. Cal. Aug. 19, 2025).

Finally, Zakarneh argues that summary judgment is premature, that the Court should allow discovery, and that his custody status has interfered with his ability to present copies of emails that he submitted to USCIS over the years. (Pl.'s Resp. at 1-2, 15-16.) However, Zakarneh has not identified any missing evidence that would impact the Court's analysis herein.

---

[5] The Court recognizes that "[e]xhaustion under FOIA is a prudential rather than jurisdictional consideration," and courts have the discretion to waive the exhaustion requirement in certain circumstances, *Aguirre*, 11 F.4th at 725 (citation omitted), but the Court declines to exercise its discretion to waive the requirement in light of the important purposes of the exhaustion requirement. *See Stanco v. Internal Revenue Serv.*, No. No. 2:18-cv-00873-TLN-CKD, 2020 WL 5107623, at *4 (E.D. Cal. Aug. 31, 2020) ("Looking to the purposes of exhaustion, permitting Plaintiffs to bypass administrative remedies in these circumstances would prevent Defendant from exercising its discretion and expertise on the matter, making a factual record to support its decision, and potentially correcting mistakes made at lower levels that may remove the need for judicial review altogether." (citing *McKart v. United States*, 395 U.S. 185, 193-94 (1969))).

*See* FED. R. CIV. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

The Court finds that Zakarneh fails to raise a genuine dispute of material fact as to whether he exhausted administrative remedies and therefore grants Defendants' motion for summary judgment. *See Zaldivar*, 695 F. App'x at 329 ("The district court properly granted summary judgment on Zaldivar's claims related to his July 14, 2009 FOIA request because Zaldivar failed to raise a genuine dispute of material fact as to whether he exhausted administrative remedies." (citing *In re Steele*, 799 F.2d at 465)).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss and for summary judgment (ECF No. 13).

**IT IS SO ORDERED.**

DATED this 12th day of March, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 15 – OPINION AND ORDER